Electronically Filed
1/19/2021 12:01 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0224-21-G**

CAUSE NUMBER _____

| | | |
|---|---|---|
| B&B MISSION, LLC | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| BLACKBOARD INSURANCE COMPANY | § | |
| Defendant | § | HIDALGO COUNTY, TEXAS |

---

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, B&B MISSION, LLC (hereinafter referred to as ("PLAINTIFF"), and files this its Original Petition against DEFENDANT BLACKBOARD INSURANCE COMPANY, and for such cause of action respectfully shows unto the Court and Jury as follows:

#### I.      Discovery

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, PLAINTIFF seeks damages of monetary relief over $100,000, but not more than $200,000. PLANTIFF intends to conduct discovery pursuant to a Level 2 Discovery Control Plan.

#### II.      Service of Process

BLACKBOARD INSURANCE COMPANY may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested on its agent for service at: Corporation Service Company, CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, TX 78701.

BLACKBOARD INSURANCE COMPANY is in the business of providing insurance in the State of Texas. The insurance business done by BLACKBOARD INSURANCE COMPANY in Texas includes, but is not limited to the following:

1

Electronically Filed
1/19/2021 12:01 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0224-21-G**

1. The making and issuing of contracts of insurance with the PLAINTIFF;

2. The taking or receiving of application for insurance, including the PLAINTIFF'S application for insurance;

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFF;

4. The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFF;

5. The adjusting and inspection of PLAINTIFF'S insurance claims;

6. Making insurance coverage decisions;

7. Taking part in making insurance coverage decisions; and

8. Making representations to PLAINTIFF as being an agent for an insurance company with authority to make coverage decisions;

### III. Jurisdiction and Venue

Venue of this action is proper in HIDALGO County, Texas because the policy at issue was issued and delivered in HIDALGO County, Texas; the property insured is situated in HIDALGO County, Texas; PLAINTIFF'S losses occurred in HIDALGO County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFF'S claims and causes of action occurred in HIDALGO County, Texas.

### IV.   Facts

BLACKBOARD INSURANCE COMPANY and/or its agents committed the actions alleged against PLAINTIFF in this petition. PLAINTIFF owns the property located at 1627 S. McColl Road, Edinburg, TX 78539 with Policy# 1HIBP-24358-01;

Electronically Filed
1/19/2021 12:01 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0224-21-G**

Claim # ATUN-44585A9. BLACKBOARD INSURANCE COMPANY provided coverage to the PLAINTIFF for such building, personal property, and other matter. During the term of said policy, PLAINTIFF sustained covered losses in the form of a hail/windstorm events on or about July 26, 2020, in HIDALGO County, with wind and water damages resulting therefrom, including damage to the architectural finishes of the property. PLAINTIFF promptly reported losses to BLACKBOARD INSURANCE COMPANY pursuant to the terms of the insurance policy. As a result, PLAINTIFF'S property sustained damage, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas. These are covered damages under PLAINTIFF'S insurance policy with BLACKBOARD INSURANCE COMPANY. PLAINTIFF has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having conducted business during the pendency of BLACKBOARD INSURANCE COMPANY'S conduct.

V.     Conditions Precedent

All conditions precedent have been waived by the insurance company, have been performed by Plaintiff, or have otherwise been satisfied. Despite these facts, BLACKBOARD INSURANCE COMPANY has failed and refused to pay PLAINTIFF a just amount in accordance with its contractual obligations, agreements, and representations. Moreover, Defendant's claims that Plaintiff did not comply with the contract are barred by waiver, based on Defendant's breach and noncompliance with the material terms of the insurance contract. Generally, when one party to contract commits material breach, the other party is discharged or excused from further performance. *Mustang Pipeline Co., Inc. v. Driver Pipeline Co. Inc.*, 134 S.W.3d 195, 196 (Tex. 2004).

VI. Breach of Contract

3

Electronically Filed
1/19/2021 12:01 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0224-21-G**

PLAINTIFF purchased an insurance policy with BLACKBOARD INSURANCE COMPANY. PLAINTIFF'S property was damaged by the hail/windstorm and water damages, all of which are covered under the insurance policy. BLACKBOARD INSURANCE COMPANY has denied and/or delayed payment of PLAINTIFF'S covered claims. BLACKBOARD INSURANCE COMPANY has no reasonable basis for denying, delaying, or failing to pay PLAINTIFF'S claims for damages. BLACKBOARD INSURANCE COMPANY knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of BLACKBOARD INSURANCE COMPANY was irresponsible and unconscionable. BLACKBOARD INSURANCE COMPANY took advantage of the PLAINTIFF'S lack of sophistication in insurance and construction matters to a grossly unfair degree. BLACKBOARD INSURANCE COMPANY has, by its conduct, breached its contract with the PLAINTIFF. The conduct of BLACKBOARD INSURANCE COMPANY has proximately caused the injuries and damages to the PLAINTIFF.

VII. Second Cause of Action: DTPA Violations

PLAINTIFF is a "consumer" entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, BLACKBOARD INSURANCE COMPANY has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFF'S damages:

(a)     BLACKBOARD INSURANCE COMPANY made false representations about PLAINTIFF'S rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and its benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

4

Electronically Filed
1/19/2021 12:01 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0224-21-G**

(b)     BLACKBOARD   INSURANCE   COMPANY'S   actions   constitute   an unconscionable   course   of   conduct   entitling   PLAINTIFF   to   relief   under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)     BLACKBOARD INSURANCE COMPANY failed to disclose information to PLAINTIFF concerning the nature and extent of its insurance policy which was known by BLACKBOARD INSURANCE COMPANY at the time for the purpose of inducing PLAINTIFF into transactions which he would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)     As   described   above,   BLACKBOARD   INSURANCE   COMPANY   violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

BLACKBOARD INSURANCE COMPANY took advantage of PLAINTIFF'S lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the PLAINTIFF'S property.   BLACKBOARD INSURANCE COMPANY conduct as described herein was a producing cause of damages to PLAINTIFF, for which PLAINTIFF sues. The conduct of the BLACKBOARD INSURANCE COMPANY was more than just a mistake, and was done "knowingly" and/or "intentionally" as that term is derived by statute. Because of that, BLACKBOARD INSURANCE COMPANY may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act.

VIII.   Unfair Insurance Practices

BLACKBOARD INSURANCE COMPANY failed to inform PLAINTIFF of material facts such as the true scope of damage and cost to repair. BLACKBOARD INSURANCE

Electronically Filed
1/19/2021 12:01 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0224-21-G

COMPANY failed to properly process claims and have misrepresented material facts to the PLAINTIFF. BLACKBOARD INSURANCE COMPANY has failed to address all damage to the property and its contents causing further damage to the PLAINTIFF. Further, BLACKBOARD INSURANCE COMPANY has intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFF; and has intentionally ignored damages to the dwelling. PLAINTIFF'S property suffered from covered losses and damages of which BLACKBOARD INSURANCE COMPANY is fully aware. BLACKBOARD INSURANCE COMPANY has concealed damage known by it to exist. BLACKBOARD INSURANCE COMPANY has known about covered windstorm and water damages but has failed to perform proper testing and concealed facts from PLAINTIFF about the damages, ignoring PLAINTIFF'S plea for help. BLACKBOARD INSURANCE COMPANY has failed to warn PLAINTIFF of consequential damage to the property.

By its conduct outlined above, BLACKBOARD INSURANCE COMPANY committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. BLACKBOARD INSURANCE COMPANY committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)     BLACKBOARD INSURANCE COMPANY failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFF'S claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)     BLACKBOARD INSURANCE COMPANY failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the

6

Electronically Filed
1/19/2021 12:01 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0224-21-G

facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)  BLACKBOARD INSURANCE COMPANY refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)  BLACKBOARD INSURANCE COMPANY breached its duty of good faith and fair dealing at common law;

(5)  BLACKBOARD INSURANCE COMPANY failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(6)  BLACKBOARD INSURANCE COMPANY compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(7)  BLACKBOARD INSURANCE COMPANY violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(8)  BLACKBOARD INSURANCE COMPANY committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

(a)  BLACKBOARD INSURANCE COMPANY made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

7

Electronically Filed
1/19/2021 12:01 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0224-21-G**

    (i)    the terms of the policy; and/or

    (ii)    the benefits or advantages promised by the policy.

    (b)    BLACKBOARD INSURANCE COMPANY made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

    (c)    BLACKBOARD INSURANCE COMPANY failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

    (d)    BLACKBOARD INSURANCE COMPANY made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

    (e)    BLACKBOARD INSURANCE COMPANY refused a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11);

BLACKBOARD INSURANCE COMPANY'S conduct as described herein was a producing cause of damages to PLAINTIFF for which it now sues.

IX.    Breach of the Duty of Good Faith and Fair Dealing

From and after the time the PLAINTIFF'S claims were presented to BLACKBOARD INSURANCE COMPANY, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFF'S claims, BLACKBOARD

Electronically Filed
1/19/2021 12:01 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0224-21-G**

INSURANCE COMPANY refused to accept the claims in totality and pay the PLAINTIFF as the policy required. At that time, BLACKBOARD INSURANCE COMPANY knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. BLACKBOARD INSURANCE COMPANY failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTIFF'S claims in good faith, an affirmative duty placed on BLACKBOARD INSURANCE COMPANY, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, BLACKBOARD INSURANCE COMPANY breached its duty to deal fairly and in good faith with the PLAINTIFF. BLACKBOARD INSURANCE COMPANY'S breach was a proximate cause of the losses, expenses, and damages suffered by the PLAINTIFF, for which it now sues.

X.     Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFF gave prompt notice of his claims to BLACKBOARD INSURANCE COMPANY. BLACKBOARD INSURANCE COMPANY has engaged in unfair settlement claims practices as discussed above and denied and/or has delayed payment on PLAINTIFF'S claim. BLACKBOARD INSURANCE COMPANY'S reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. BLACKBOARD INSURANCE COMPANY'S investigation and use of adjuster's reports BLACKBOARD INSURANCE COMPANY failed to comply with the requirements of Chapter 542 listed herein:

9

Electronically Filed
1/19/2021 12:01 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0224-21-G**

(a)    Failing to pay PLAINTIFF'S claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(b)    Failing to request all of the items, statements and forms the BLACKBOARD INSURANCE COMPANY reasonably believed at the time would be required from PLAINTIFF'S to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF is entitled to recover from BLACKBOARD INSURANCE COMPANY the statutory penalty of 5% plus the interest rate determined under Section 304.003, Finance Code, on all amounts due on PLAINTIFF'S claims, together with attorney's fees, for which it now sues.

<div align="center">XI.</div>

PLAINTIFF alleges that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFF has substantially complied and/or is excused. In the alternative, PLAINTIFF makes the allegation of waiver and/or estoppel as to every defense or exclusion plead by BLACKBOARD INSURANCE COMPANY as to any exclusion, condition, or defense pled by BLACKBOARD INSURANCE COMPANY, PLAINTIFF would show that:

1. The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

Electronically Filed
1/19/2021 12:01 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0224-21-G**

2. Any other construction and its use by BLACKBOARD INSURANCE COMPANY violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF'S predecessor policy with BLACKBOARD INSURANCE COMPANY. In this regard, PLAINTIFF would show that its insurance policy was renewed uninterruptedly for many years; and

6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFF. In the alternative, BLACKBOARD INSURANCE COMPANY is judicially, administratively, or equitably estopped from denying PLAINTIFF'S construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake, thus requiring reformation.

XII. Exemplary Damages

11

Electronically Filed
1/19/2021 12:01 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0224-21-G**

Plaintiff would further show that the acts and omissions of Defendant and its agents, adjusters, employees and/or representatives complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of Plaintiff. In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff requests exemplary damages pursuant to 17.50(b)(1) of the Texas Business and Commerce Code and § 541.152(b) of the Tex. Ins. Code.

## XIII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which he may show herself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against BLACKBOARD INSURANCE COMPANY for actual attorney's fees, cost of suit, mental anguish, DTPA violations, Texas Insurance Code violations, statutory penalties, and pre-judgment and post-judgment interest, including judgment for additional damages and punitive damages under the facts set forth in this or any amended pleading in excess of the minimum jurisdictional limits of the court.

## XIV.   Jury Demand

PLAINTIFF requests that this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

## XV.   Requests for Disclosure

Electronically Filed
1/19/2021 12:01 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0224-21-G**

Under Texas Rule of Civil Procedure 194, PLAINTIFF requests that

BLACKBOARD INSURANCE COMPANY disclose, within 50 days of the service of

this request, the information or material described in Texas Rule of Civil Procedure 194.

Dated: January 19, 2021

<div style="margin-left:40%">

Respectfully submitted,

/s/ *Jose A. Chapa, Jr.*
Jose A. Chapa, Jr.
Tex. Bar No. 24113688
**JOSE A. CHAPA LAW FIRM, PLLC**
3116 Scenic Way
McAllen, Texas 78503
Telephone: (214) 629-0788
jachapa@smu.edu


***ATTORNEY FOR PLAINTIFF***

</div>

13

Electronically Filed
1/19/2021 12:01 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0224-21-G**

**Instructions and Definitions**

1. "You" or "Your" means the party responding to requests.

2. "The Policy" means the insurance policy that is the basis of claims made against BLACKBOARD INSURANCE COMPANY in this lawsuit.

3. "Insured Location" means the real property at the location described in the Policy declarations.

4. "Dwelling" means the dwelling located at the Insured Location at the time of loss.

5. "Other Structures" means any structures located at the Insured Location during that time that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6. "Other Damages" means debris removal, temporary repairs, trees and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against BLACKBOARD INSURANCE COMPANY in this lawsuit.

8. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9. "The Claim" means the insurance claim made the basis of the breach of contract claim against BLACKBOARD INSURANCE COMPANY in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/ or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. See Texas Rule of Evidence 1001 (a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by

14

Electronically Filed
1/19/2021 12:01 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0224-21-G**

the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. See Texas Rule of Civil Procedure 192.3(h).

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## INSTRUCTIONS

1. You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Request for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

Electronically Filed
1/19/2021 12:01 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0224-21-G**

## INTERROGATORIES

1.   Please identify any person you expect to call to testify the time of trail.

     **ANSWER:**

2.   Identify the persons involved in the investigation and handing of Plaintiff's claim for insurance benefits arising from damage during and include a brief description of the involvement of each person identified, their employer, and date(s) of such involvement.

     **ANSWER:**

3.   If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

     **ANSWER:**

4.   Identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of your investigation.

     **ANSWER:**

5.   State the following concerning notice of claim and timing of payment:

     a. The date and manner in which you received notice of the claim
     b. The date and manner in which you acknowledged receipt of the claim
     c. The date and manner in which you commenced investigation of the claim
     d. The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant
     e. The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim

     **ANSWER:**

6.   Identify by date, amount and reason, the insurance proceed payments made by you to the Plaintiff.

     **ANSWER:**

7.   Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for denying the claim.

16

Electronically Filed
1/19/2021 12:01 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0224-21-G**

**ANSWER:**

8.  From November 1, 2016 to the present, what documents (including those maintained electronically) relating to the investigation or handling of a claim for windstorm insurance benefits in Texas are routinely generated during the course of the investigation and handling of a claim by you (e.g. Investigation Reports; z-records; reserves sheet; electronic claims diary; a claims review report; team controversion report)?

    **ANSWER:**

9.  Do you contend that the insured's premises were damaged by any excluded peril? If so, state the general factual bases for this contention.

    **ANSWER:**

10. Do you contend that any act or omission by Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual bases for this contention.

    **ANSWER:**

11. Do you contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual bases for this contention.

    **ANSWER:**

Electronically Filed
1/19/2021 12:01 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0224-21-G**

## DEFINITIONS

In the event you object to any of the items requested, you are instructed to furnish all other documents to which no objection is made. Also note that Rule 196.3(c) provides that a party shall produce documents as they are kept in the usual course of business or shall organize and label them to correspond with the categories in this request.

Please be advised that the undersigned intends to use the documents you produce in response to this request for production in any hearing or trial of this lawsuit. TEX. R. CIV. P. 193.7.

1. "You" or "Your" means the party responding to requests.

2. "The Policy" means the insurance policy that is the basis of claims made against BLACKBOARD INSURANCE COMPANY in this lawsuit.

3. "Insured Location" means the real property at the location described in the Policy declarations.

4. "Dwelling" means the dwelling located at the Insured Location at the time of loss.

5. "Other Structures" means any structures located at the Insured Location during that time that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6. "Other Damages" means debris removal, temporary repairs, trees and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against BLACKBOARD INSURANCE COMPANY in this lawsuit.

8. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9. "The Claim" means the insurance claim made the basis of the breach of contract claim against BLACKBOARD INSURANCE COMPANY in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/ or faxes.

Electronically Filed
1/19/2021 12:01 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0224-21-G**

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. See Texas Rule of Evidence 1001 (a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. See Texas Rule of Civil Procedure 192.3(h).

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## INSTRUCTIONS

1. You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Request for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

Electronically Filed
1/19/2021 12:01 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0224-21-G**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  The claim and underwriting files from the home, regional, local offices, and third party adjusters/ adjusting firms regarding the claim that is the subject of this matter, including copies of the policy, file jackets, "field" files and notes, and drafts of documents contained in the file.

    RESPONSE:

2.  The electronic diary, including the electronic and paper notes made by BLACKBOARD INSURANCE COMPANY's claims personnel, contractors, and third party adjusters/ adjusting firms relating to Plaintiff's claims.

    RESPONSE:

3.  Your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of storm claims and complaints made by policy holders in Texas from July 1, 2016 to date. If the party answering this request is an independent adjuster, produce the request documents for both the independent adjusting company and the party [carrier] that hired you with the respect to this claim.

    RESPONSE:

4.  The Operation Guides which relate to the handling of claims in Texas in effect from July 1, 2016 to date. If the party answering this request is an independent adjuster, produce the request documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

    RESPONSE:

5.  The adjusting and engineering reports, notes, correspondence, estimates, appraisals, photographs and/or recordings prepared concerning Plaintiff's underlying claims.

    RESPONSE:

6.  If you dispute the cause of the loss produce the engineering reports in your possession regarding damage to property within a one-mile radius of the Plaintiff's insured property.

    RESPONSE:

7.  The price guidelines that pertain to the handling of claims arising out of storm damage. In the event you utilize published guidelines or "off the shelf" software, without modification, as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

    RESPONSE:

Electronically Filed
1/19/2021 12:01 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0224-21-G**

8.  The Plaintiff's file from the office of their insurance agent.

    RESPONSE:

9.  The information regarding weather and storm surge conditions on which you relied in making decisions on the Plaintiff's claims.

    RESPONSE:

10. The documents, manuals, and training materials, including audio/ or video tapes used in training, overseeing, or supervising your personnel employed in adjusting property claims in Texas.

    RESPONSE:

11. "Pay sheet," "Payment Log," or list of payments made on Plaintiff's claim. This includes all indemnity, claim expenses, third party payments and billing statements.

    RESPONSE:

12. For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain in disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

    RESPONSE:

13. The managerial and adjuster bonus or incentive plan for managers responsible for storm claims in effect for the time period January 1, 2016 to date.

    RESPONSE:

14. If a third-party engineer evaluated the subject property, provide the correspondence between BLACKBOARD INSURANCE COMPANY insurer and third party adjuster and documents that show the number of other matters in which the same engineers were retained by you to evaluate others properties over the past five years.

    RESPONSE:

15. Copies of any and all documents that you contend support any affirmative defense, which you allege applies to this action.

    RESPONSE:

Electronically Filed
2/22/2021 9:44 AM
Hidalgo County District Clerks
Reviewed By: Jose Hernandez

CAUSE NO. C-0224-21-G

| | | |
|---|---|---|
| B&B MISSION, LLC | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| v. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| BLACKBOARD INSURANCE COMPANY | § | |
| *Defendant* | § | 370th JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF BLACKBOARD INSURANCE COMPANY

Defendant Blackboard Insurance Company ("Blackboard") files its Original Answer, as follows:

1.      Subject to such stipulations and/or admissions that may hereinafter be made, Blackboard enters a general denial pursuant to Rule 92 of the Texas Rules of Civil Procedure, thereby denying every allegation contained in Plaintiff's Original Petition and demanding strict proof thereof as required by laws of the State of Texas.

2.      Plaintiff has not satisfied all conditions precedent to the recovery it seeks in this lawsuit, including a failure to satisfy all conditions precedent to pursuing legal action against Blackboard.

3.      Plaintiff's claims and causes of action are subject to (and barred, in whole or in part, by) the terms, conditions, limitations, exclusions, and deductibles set forth in the applicable insurance policy.

4.      Plaintiff's claims and causes of action are barred, in whole or in part, to the extent the alleged damage purportedly suffered by Plaintiff has not been properly supported as required by the applicable insurance policy.

5.      A reasonable basis exists for denying coverage for Plaintiff's insurance claim.

6.      Plaintiff's claims and causes of action are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff were not caused by or did not result from a covered cause of loss or was caused by an excluded cause of loss.

7.      Plaintiff failed to mitigate its damages.

8.      To the extent Plaintiff has any covered damage for which it has not been compensated, Plaintiff has the burden of allocating between covered and non-covered damages. Under the doctrine of concurrent causation, Blackboard does not owe coverage for damage caused by non-covered perils if covered and non-covered perils combined to create Plaintiff's alleged loss; Plaintiff is entitled to recover only that portion of the damage caused solely by the covered peril. Plaintiff must present some evidence from which the jury can allocate the damage attributable to the covered peril.

9.      A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Blackboard and/or its employees, agents, representatives, and adjusters are entitled to value claims differently from Plaintiffs without facing extra-contractual liability. Blackboard would show that a bona fide controversy exists regarding: (i) the existence and/or scope of any covered loss or damage; (ii) whether and to what extent any asserted loss or damage was the result of a covered occurrence or occurrences; and (iii) the reasonable and necessary measures to repair any covered loss or damage.

10.      Plaintiff's lawsuit is merely a breach of contract suit and not actionable under the Texas Insurance Code or the Texas Deceptive Trade Practices Act.

11.      The imposition of punitive, treble, or exemplary damages upon Blackboard for the allegations made by Plaintiff violates the Contract Clause of Article I, Section 20, Clause I of the Constitution of the United States of America, the Equal Protection Clause contained in the Fourteenth Amendment of the Constitution of the United States of America, the Due Process

Electronically Filed
2/22/2021 9:44 AM
Hidalgo County District Clerks
Reviewed By: Jose Hernandez

Clause contained in the Fourteenth Amendment of the Constitution of the United States of America, the Excessive Fines Clause contained in the Eighth Amendment of the Constitution of the United States of America, the Illegal Seizures Clause contained in the Fourth Amendment of the Constitution of the United States of America, the Deprivation Of Property Without Due Process Clause contained in the Fifth Amendment of the Constitution of the United States of America, the Excessive Fines Clause contained in Article I, Section 13 of the Constitution of the State of Texas, and the Contract Clause in Article I, Section 16 of the Constitution of the State of Texas.

12.     By appearing and answering herein, Blackboard does not waive, and expressly reserves, all rights and defenses that Blackboard may have or that may arise under the policy and/or applicable law. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that Blackboard may have or that may arise under the applicable insurance policy and/or applicable law.

13     Blackboard reserves its right to amend this answer and its defenses as permitted by law.

WHEREFORE, Defendant Blackboard Insurance Company prays that the relief sought in Plaintiff's Original Petition be denied, that Plaintiff takes nothing, and that Defendant goes hence without delay with its costs and all such other and further relief to which it may be justly entitled to receive.

Electronically Filed
2/22/2021 9:44 AM
Hidalgo County District Clerks
Reviewed By: Jose Hernandez

Respectfully submitted,

**EGGLESTON & BRISCOE, LLP**

333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 — Telephone
(713) 951-9920 — Facsimile

By: /s/ *Raymond Gregory*

    Raymond L. Gregory II
    Texas Bar No. 08438275
    rlg2@egglestonbriscoe.com

ATTORNEY FOR DEFENDANT
BLACKBOARD INSURANCE COMPANY


## CERTIFICATE OF SERVICE

I certify that on February 22, 2021, a true and correct copy of the foregoing was forwarded to all counsel of record, including those listed below, via any proper method of service allowed by the Texas Rules of Civil Procedure, the Local Rules for this Court, or any method of service agreed to in writing by the parties:

    Jose A. Chapa, Jr.
    Jose A. Chapa Law Firm, PLLC
    3116 Scenic Way
    McAllen, Texas 78503
    Email: jachapa@smu.edu

    /s/ *Raymond Gregory*

    Raymond L. Gregory II